

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,663-01

### EX PARTE NICKI COLIN WILLIAMS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W11-40634-K(A)
### IN THE CRIMINAL DISTRICT COURT NUMBER FOUR
### FROM DALLAS COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of continuous sexual abuse of a child and was sentenced to twenty-five years' imprisonment.

On December 16, 2015, this Court remanded this application to the trial court for findings of fact and conclusions of law. On April 4, 2016, the trial court signed findings of fact and conclusions of law. The trial court recommended that relief be granted. Those findings are not

supported by the record.

When a defendant enters his plea upon the advice of counsel and subsequently challenges the voluntariness of that plea based on ineffective assistance of counsel, the voluntariness of such plea depends on (1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and if not, (2) whether there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Ex parte Morrow*, 952 S.W.2d 530 (Tex. Crim. App. 1997). Applicant was properly admonished of the consequences of his plea by the trial court. After being admonished, he proceeded to plead guilty in exchange for the minimum sentence available for the offense charged. Applicant does not show that but for counsel's statements, he would not have pleaded guilty.

Based on this Court's independent review of the entire record, we deny relief.

Filed: May 25, 2016
Do not publish